## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## ASHLAND

**Civil Action No. 05-176-HRW**

**BRANDY BLEVINS,**          **PLAINTIFF,**

v.        <u>**MEMORANDUM OPINION AND ORDER**</u>

**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY,**       **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for childhood disability benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for childhood disability benefits and supplemental security income benefits on May 13, 2003, alleging disability beginning on February 1, 2002, due to being a slow learner, thyroid problems,

inability to get along with others and depression.  This application  was denied initially and on reconsideration.  On July 29, 2004, an administrative hearing was conducted by Administrative Law Judge Charlie Paul Andrus (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 286-299).  At the hearing, Dwight McMillion, a vocational expert (hereinafter "VE"), also testified (Tr. 299-304).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:  If the claimant is performing substantial gainful work, he is not disabled.

Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant

2

numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On September 13, 2004, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 16-24). Plaintiff was 20 years old at the time of the hearing decision (Tr. 17). She has a high school education and no vocationally relevant past work experience (Tr. 17).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 23). The ALJ then determined, at Step 2, that Plaintiff suffered from depressive disorder, borderline intellectual functioning and anxiety disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 18, 24). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 18-19). In doing so, the ALJ specifically considered listings 12.04 and 12.06 (Tr. 18-19). The ALJ further found that Plaintiff has no past relevant work (Tr. 23) and determined that she has the following residual functional capacity ("RFC"):

> She needs to be able to sit for a few minutes after standing for half an hour. She is limited to more simple work without public contact or close work with coworkers. She is able to deal with routine changes if infrequent and gradually introduced.

3

(Tr. 23).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of light work, such as grader / sorter, assembler and machine tender (Tr. 23). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 24). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on August 26, 2005 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d

4

383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff contends that the ALJ's finding of no disability is erroneous because the ALJ acted as his own medical expert.

It is well established that it is the ALJ who has the sole responsibility for assessing a claimant's RFC, be it physical, mental or both, and making the ultimate determination of disability.  20 C.F.R. § 416.946 (2005).   In doing so, the ALJ is not bound by any medical source and he or she may reject the opinions of the medical sources if they are unsupported by the requisite testing, data and clinical findings. *See e.g., Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir. 1988).

The Court, having reviewed the decision as well as the record, and being otherwise sufficiently advised, finds that the ALJ properly evaluated the medical evidence and opinions of record, in conjunction with the entire record, in order to ascertain Plaintiff's RFC.

In his decision, the ALJ discussed, in detail, the Plaintiff's prior history of treatment for depression but found improvement (Tr. 102-181). In fact, a May 1999 record shows that Plaintiff felt she did not need therapy and was back to full activities (Tr. 123). He then noted that Plaintiff had initiated treatment at Pathways in March of 2004 where she was diagnosed with dysthymic disorder (Tr. 250-256). He also noted that Plaintiff was, at the time of the decision, prescribed Prozac (Tr. 18, 199, 251-255). However, as Defendant argued, a prescription for Prozac is not tantamount to a disabling mental impairment. *See e.g., Foster V. Bowen*, 853 F.2d 483, 488 (6th Cir. 1988)(mere fact that claimant is taking medication to calm nerves does not prove that claimant has disabling mental impairment).

The ALJ also considered the medical opinions of record concerning Plaintiff's mental impairments. For example, Heather Coleman, M.A., conducted a consultative examination in June of 2003 and found only mild limitation in Plaintiff's cognitive ability, a demonstrated ability to sustain attention and no

6

difficulty in understanding and remembering simple instructions (Tr. 199-203).

Plaintiff maintains that the ALJ erred in relying upon the assessments of the state

agency physicians (Tr. 205-219, 220-225, 227-231 and 232-245).   Yet, the

regulations explicitly permit the ALJ to consider the opinions of the state agency

physicians as expert medical opinions.   20 C.F.R. §§ 416.927(d), (e)(2) (2005).

However, in this case, it is noteworthy the state's experts indicated that Plaintiff

was less limited than the ALJ found her to b, as reflected in his RFC (Tr. 21).

In formulating the RFC, the ALJ also took into account Plaintiff's daily

activities, which include caring for personal hygiene, cooking, cleaning house,

working in the garden, caring for animals and laundry.   The Sixth Circuit Court of

Appeals has stated that "[a]n ALJ may consider household and social activities

engaged in by the claimant in evaluating a claimant's assertions of pain or

ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir.

1997).

As for Plaintiff's contention that the ALJ improperly disregarded her Global

Assessment Functioning ("GAF")  score of 45, it too lacks merit.   First, the ALJ

is not required to consider GAF scores in his FRC determination.   Nor does his

failure to refer to the GAF score render the RFC inaccurate. *See Howard v.*

*Commissioner of Social Security*, 276 F.3d 235, 241 (6th Cir. 2002).

7

Further, the crux of the issue is whether Plaintiff's impairments preclude her from participating in work activity. A GAF score is not the last word in this regard as it can indicate impairments in areas other than work function. *See e.g., Smith v. Commissioner of Social Security*, 2003 WL 22025046 (6th Cir. 2003)(rejecting Plaintiff's argument that ALJ was required to accept a one-time GAF score of 45 as evidence of her inability to perform even limited work where the very psychologist who assigned the score indicated that claimant "was not markedly limited in any area pf functioning.").

Finally, Plaintiff's GAF score was contradicted by other evidence of record, as discussed above. Indeed, Plaintiff's improvement with medication, absence of consistent, ongoing mental health treatment and normal daily activities undermine her argument that she is unable to perform work activity.

The Court is not persuaded that, as Plaintiff alleges, the ALJ simply "played doctor" in this case. To the contrary, it is clear that the ALJ properly weighed the evidence of record in making his decision. The Court finds that the ALJ's decision is supported by substantial evidence on the record.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary

Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered

contemporaneously herewith.

This ___17___ day of July, 2006.


_____
Henry R. Wilhoit, Jr., Senior Judge

9